**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANGELA WILLIAMS,           ) | |
|            ) | |
|       Plaintiff,     ) | |
|   vs.            ) | 1:09-cv-1113-TWP-DML |
|            ) | |
| GENE B. GLICK COMPANY, INC.,   ) | |
| CARRIAGE HOUSE EAST III ASSOCIATES,  ) | |
| AVERT SECURITY, LLC. and     ) | |
| CHAD BUTTS           ) | |
|            ) | |
|       Defendants.   ) | |

**Entry Discussing Defendant Chad Butts' Motion for Summary
Judgment and Plaintiff's Motion to Alert Court to Errors**

This matter is before the Court on the motion for summary judgment filed by Defendant Chad Butts [dkt 84] and the Plaintiff's motion to alert court to errors [dkt 130]. Chad Butts' motion for summary judgment is grounded on the defense that the complaint against him was not filed within the two year statute of limitations. For the reasons explained in this Entry, Butts' motion for summary judgment must be **granted** and the Plaintiff's motion to alert court to errors [dkt 130] is **denied**.

## I.     The Motion for Summary Judgment

Plaintiff Angela Williams originally brought suit against Defendants Gene B. Glick Company, Inc., Carriage House East III Associates, LLP (d/b/a Carriage House East III), Avert Security, LLC, and Indiana Quadel Consulting Corp. in the Marion County Superior Court on August 5, 2009, alleging violation of civil rights which occurred on or about August 5, 2007. Defendants subsequently removed the action to Federal District Court on September 9, 2009 and on January 25, 2010 Plaintiff sought and obtained relief from the Court to *sua sponte* amend the Complaint to add Chad Butts as a Defendant. Butts now

asserts that Plaintiff's failure to comply with the two (2) year statute of limitations, which

governs her claims against him, warrants summary disposal of the claim.

The following points of law are pertinent to the resolution of the pending motion for

summary judgment.

- A ⌐party@ is ⌐[o]ne by or against whom a lawsuit is brought.@ *See U.S. ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)) (citing Black⌐s Law Dictionary 1154 (8th ed. 2004)).

- "Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005). The court may not rewrite a petition to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999; *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993).

- A party proceeding *pro se* is entitled to a "less stringent standard" than is a lawyer, and the court must construe his arguments liberally, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This generous treatment does not exempt *pro se* litigants from both the substantive and procedural rules of law and does not authorize this court to fashion a separate set of rules for them. *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008)(citing *McNeil v. United States,* 508 U.S. 106, 113 (1993), and noting that the Supreme Court has ⌐never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel@).

- "[T]o make someone a party the Plaintiff must specify him in the caption and arrange for service of process." *Myles v. U.S.*, 416 F.3d 551, 553 (7th Cir. 2005) (citing Fed.R.Civ.P. 10(a)). The rule is the same in Indiana. *See, e.g., Harp v. Indiana Dep't of Highways,* 585 N.E.2d 652, 659 (Ind.Ct.App. 1992).

- Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Railroad Tel. v. Railway Express Agency,* 321 U.S. 342, 349 (1944)).

- A claim asserted pursuant to 42 U.S.C. § 1983 is considered a personal injury claim and is therefore subject to Indiana's statute of limitations for personal injury claims, which is two years from the date of the injury. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985), and IND. CODE ' 34-11-2-4.

- While state law governs when a claim must be brought, federal law governs when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action under § 1983 accrues "when the Plaintiff knows or has reason to know of the

injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

- "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Id.* A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The following facts are material to the timeliness of the claim against defendant

Butts:

- The incident forming the basis of the claim against defendant Butts occurred on August 5, 2007. Plaintiff Angela Williams filed the lawsuit in Marion County Superior Court on August 5, 2009. The action was subsequently removed to this court.

- Chad Butts was not a named defendant in the original complaint, nor was he a defendant when the action was removed to this court on September 9, 2009. Butts was first added as a party in January 2010. This could have properly occurred only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a)(2). This was five months after the action was removed from an Indiana state court and two years and five months after the cause of action against him accrued on August 5, 2007.

- Williams does not dispute the evidence presented by Butts that he had no knowledge of the lawsuit until he received a phone call on January 11, 2010.

Joining Chad Butts as a defendant under these circumstances did not relate back to the filing of the complaint in the state court. *Hodge v. Parker*, 338 Fed.Appx. 534, 536, 2009 WL 2178675, *1 (7th Cir. 2009)("As we have held, Rule 15(c) does not apply where the defendant fails to identify the proper party.")(citing cases).

Williams argues that because Butts allegedly violated her civil rights and other laws, her claim against Butts should be considered on the merits. The trial court is not allowed to deviate from the letter and spirit of the statute of limitations. Accordingly, the lawsuit was not timely filed as to defendant Chad Butts. *See Krupski v. Costa Crociere S.p.A.,* 130 S. Ct. 2485 (2010); *Joseph v. Elan Motorsports Technologies Racing Corp.,*

638 F.3d 555, 559 (7th Cir. 2011)("The focus is not on what the Plaintiff knew or should have known, but rather on whether the defendant who is sought to be added by the amendment knew or should have known that the Plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and . . . whether, even if so, the delay in the Plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.")(internal quotation omitted). Therefore, Butts is entitled to judgment as a matter of law and his motion for summary judgment [dkt. 84] is **GRANTED**.

The ruling in this Entry does not resolve all claims against all parties in this action. No partial final judgment shall issue at this time as to the claim resolved in this Entry.

### II. The Motion to Alert Court to Errors

The Plaintiff's motion to alert court to errors [dkt. 130] has no direct relation to the motion for summary judgment discussed in Part I of this Entry and presents concerns which have been addressed during the conference with the Magistrate Judge on August 24, 2011, and otherwise. Under these circumstances, the Court finds the motion to be moot and [dkt. 130] is **DENIED.**

**IT IS SO ORDERED.**

Date:  09/07/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Brian L England
HUNT SUEDHOFF KALAMAROS LLP
bengland@hsk-law.com

Ryan J. Guillory
HUNT SUEDHOFF KALAMAROS LLP
rguillory@hsk-law.com

Mark M. Holdridge
HUME SMITH GEDDES GREEN & SIMMONS
mholdridge@humesmith.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

ANGELA R. WILLIAMS
10211 Pineneedle Court
Indianapolis, IN 46235