# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| ANGELA R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-01113-TWP-DML |
| | ) | |
| GENE B. GLICK COMPANY, INC., | ) | |
| CARRIAGE HOUSE EAST III ASSOCIATES | ) | |
| LLP, doing business as CARRIAGE HOUSE | ) | |
| EAST III, and AVERT SECURITY LLC | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on the Defendants' separate motions for summary judgment. The *pro se* Plaintiff in this dispute is Angela R. Williams ("Ms. Williams"). After a number of prior rulings in this matter, three Defendants remain: (1) Defendant Gene B. Glick Company, Inc. ("Glick"); (2) Carriage House East III Associates LLP *d/b/a Carriage House East III* ("Carriage House"); and (3) Avert Security LLC ("Avert") (collectively, "Defendants"). This lawsuit stems from Ms. Williams' claims that in 2007 Defendants violated her civil rights pursuant to 42 U.S.C. § 1983. There are currently two motions pending before the Court: (1) Defendants Glick and Carriage House's Second Motion for Summary Judgment (Dkt. #143) and (2) Defendant Avert's Motion for Summary Judgment (Dkt. #136). On June 7, 2012, the Court held a hearing regarding Glick and Carriage House's second motion for summary judgment. For the reasons set forth below, the Defendants' motions for summary judgment are **GRANTED**.

# I. BACKGROUND

## A.     The Parties

The facts are uncontested, in part due to Ms. Williams' failure to timely respond and submit a brief opposing the Defendants' version of the facts or to otherwise designate facts in accordance with Local Rule 56.1.[1] *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 286 (7th Cir. 1997).  Ms. Williams has been a tenant in the Carriage House apartment complex for more than 20 years and continues to reside there today.  Carriage House is a limited liability partnership and a wholly-owned subsidiary of Glick.  Glick is a corporation engaged in the business of property management.  The local property manager of the Carriage House apartments was Tracy Wiley (Ms. Wiley), while the regional property manager was Pam Scott ("Ms. Scott").  Both Ms. Wiley and Ms. Scott were employed by Glick.  As part of its residential services, Carriage House utilizes Avert, a private security company, to provide security for the apartment complex.  Avert employed Chad Butts ("Deputy  Butts"), a Marion County Sheriff Reserve Deputy, as a security officer for the Carriage House apartments.

As a tenant at Carriage House, Ms. Williams receives Section 8 housing subsidies through the United States Department of Housing and Urban Development ("HUD").  HUD requires periodic inspections of housing units where the residents receive Section 8 housing subsidies.

---

[1] Local Rule 56.1 states:
>   (b) Requirement for Non-Movant. No later than 28 days after service of the motion, a party opposing the motion will serve and file a supporting brief and any evidence not already in the record upon which the party relies.  The brief must include a section labeled "Statement of Material Facts in Dispute" which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrates that there is a dispute of fact precluding summary judgment.  These facts must be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief.

S.D. Ind.L.R. 56.1 (effective prior to 1/1/2012)

**B.    Ms. Williams' Arrest**

On August 5, 2007, Ms. Williams observed Deputy Butts detaining two boys outside of the apartment complex.  Ms. Williams approached the scene, initially to determine whether or not one of the boys was her son.  Deputy Butts asked Ms. Williams if she was a parent to either of the boys and she replied that she was not.  Ms. Williams then inquired as to why the two boys were being detained and Deputy Butts ordered her to leave the scene or he would arrest her.  The undisputed evidence indicates that Ms. Williams remained at the scene and continued to verbally challenge Deputy Butts.  Once Deputy Butts was attempting to arrest her, Ms. Williams moved her arms to avoid being handcuffed and in her deposition admits "I was trying to not let him touch me."  Subsequently, Deputy Butts arrested her, submitted a probable cause affidavit and the Marion County Prosecutors office filed an Information charging Ms. Williams with resisting law enforcement, a Class A Misdemeanor.

On or about August 17, 2007, Ms. Wiley presented Ms. Williams with a Notice of Termination ("Notice") informing Ms. Williams that, due to her arrest, Carriage House would not renew her lease.  In addition, the Notice ordered Ms. Williams to vacate her apartment by September 16, 2007.  As part of the eviction process, the Notice informed Ms. Williams that she had a right to discuss the proposed termination of her lease with Carriage House management prior to September 16, 2007.  On August 29, 2007, Ms. Williams met with Ms. Wiley, Ms. Scott, and Deputy Butts to discuss the proposed termination.  Unfortunately, the parties were unable to resolve the matter and Carriage House planned to continue with the eviction process.  Ms. Williams and her family continued to reside in her apartment past the September 16, 2007 deadline that she had been given to vacate the premises.  Due to her extended stay past the termination date, Glick and Carriage House commenced formal eviction proceedings against Ms.

Williams in Lawrence Township small claims court. Ms. Williams was never evicted from her apartment and continued to live in her apartment during the eviction process. On October 30, 2007, Ms. Williams was acquitted of the criminal charges brought against her during a bench trial in Marion Superior Court.

On September 30, 2007, Carriage House provided its residents, including Ms. Williams, a written 60-day Notification of Lease Revision stating that HUD had approved revisions in the lease and that, as a result, Carriage House would require tenants to sign a new lease that incorporated the revisions within 60 days. The notification further stated that if a resident did not sign the new lease or give notice that they intended to vacate the apartment, Carriage House would then send the tenant a 30-day Notice of Termination. If the resident accepted the revisions, the revised lease had to be signed by November 30, 2007.

Ms. Williams signed the new lease on November 30, 2007 (the "2007 lease"), but indicated that she was doing so under duress by writing the words "under duress" next to her signature on the lease. Ms. Williams did not specify why she felt under duress or what her objection was to the lease and Ms. Williams continues to live in her Carriage House apartment.

C.    **The Inspection**

On July 9, 2008, Ms. Williams was given a notice of a possible upcoming inspection to be held in her apartment on July 14, 2008 as set forth in the lease. The notice of inspection contained the correct date, July 14, 2008, but incorrectly identified the day of the week as Wednesday instead of Monday. On Monday, July 14, 2008, Ms. Wiley and HUD inspector Gregory Johnson, entered Ms. Williams' apartment in her absence and conducted an inspection. Four of Ms. Williams' minor children were home alone in the apartment, during the inspection. Ms. Williams had previously spoken with a maintenance supervisor, Keith Baptist, and informed

him that she did not want maintenance workers in her apartment when she was not present. However, Ms. Williams did not inform Carriage House management of her request that no one enter her apartment without her being present until after the July 14, 2008 inspection. Ms. Wiley and the HUD inspector completed the inspection in the presence of the Ms. Williams' four minor children.

## D. Procedural Background

Judge William T. Lawrence previously granted summary judgment in favor of Carriage House and Glick on 14 of the 15 claims. (Dkt. #68.) The remaining claim surviving summary judgment is Ms. Williams' state law claim for invasion of privacy. Also, Avert previously filed a motion for judgment on the pleadings (Dkt. #39) which Judge Lawrence denied.

Ms. Williams was originally represented by counsel, however that counsel's services were terminated after Ms. Williams discovered that her case had been dismissed with prejudice based upon the lawyer's repeated failures to comply with pre-trial orders and discovery requests. (Dkt. #91.) After the case was dismissed, Ms. Williams, proceeding *pro se*, filed a motion for reconsideration which this Court granted and the case was reopened. (*See* Dkt. #100.) Ms. Williams proceeds as a *pro se* litigant. Defendants Avert, Carriage House, and Glick later filed the current summary judgment motions that are now pending before this Court. Additional facts are added below as needed.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476

F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III. DISCUSSION

Avert filed a summary judgment motion addressing all of the applicable claims against it, while Carriage House and Glick submitted their second summary judgment motion addressing the remaining state law claim for invasion of privacy. Defendants argue that they are entitled to summary judgment because there are no genuine issues as to any material fact. Each of Defendants' motions will be addressed in turn.

### A. Carriage House and Glick's Motion for Summary Judgment

All federal claims against Carriage House and Glick have been dismissed. (*See* Dkt. #68.) Thus, the only remaining claim before the Court is Ms. Williams' supplemental state law claim for invasion of privacy. Generally, "[w]hen all federal claims in a suit in federal court are

dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co., Inc. v. BP Products North Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (citation omitted). However, the presumption may be rebutted when (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. *Sharp Elecs. Corp. v. Metro Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009). Given the posture of this case, and because the resolution of this case is clear, the Court believes it is procedurally proper to retain supplemental jurisdiction over Ms. Williams' remaining state law claim against Carriage House and Glick. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994) (finding that retention of the pendent claims by the district court after the dismissal of all federal claims was proper when the pendent claim "could only be resolved in favor of the defendants").

Carriage House and Glick argue that a reasonable person would not consider the July 14, 2008 inspection offensive or objectionable when Ms. Williams consented to such an inspection in her 2007 lease and did not notify Carriage House management of her disapproval of such an inspection until after the inspection was completed. The Court agrees.

Ms. Williams alleges in her complaint that the Defendants invaded her privacy by intruding into her apartment against her wishes while she was not present. Under Indiana law, there are four potential types of claims for invasion of privacy: (1) unreasonable intrusion upon the seclusion of another; (2) public disclosure of private facts; (3) appropriation of another's name or likeness; and (4) publicity that unreasonably places another in a false light before the public. *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 524 (Ind. Ct. App. 2001),

*trans. denied.*  Furthermore, "[t]o establish a claim for invasion of privacy by intrusion, a plaintiff must demonstrate that there was an intrusion upon the plaintiff's physical solitude or seclusion as by invading his home or conducting an illegal search." *Creel v. I.C.E. & Assocs., Inc.*, 771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002) (citation and quotations omitted).  Moreover, "the intrusion must be something which would be offensive or objectionable to a reasonable person." *Ledbetter v. Ross*, 725 N.E.2d 120, 123 (Ind. Ct. App. 2000).

Ms. Williams failed to timely respond to the motion for summary judgment and has not submitted sufficient evidence to establish that a genuine issue of material fact exists regarding her claim for invasion of privacy.  *See Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).  Pursuant to the Local Rule 56.1, Carriage House and Glick provided Ms. Williams with a formal notice of the consequences for failure to respond to a summary judgment motion.  (*See* Dkt. #145); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (requiring opposing counsel to send a formal notice to *pro se* prisoners).  Based on this notice, it logically follows that Ms. Williams was aware of the approaching deadline "to file a supporting brief and any evidence not already in the record that opposes the…defendants' Motion for Summary Judgment within 28 days of service.…" *Id.*[2]  Ms. Williams attempted to respond to Defendants' motion.  (*See* Dkt. #156.)  However, her response was filed more than 200 days late and was subsequently stricken.  (*See* Dkt. #158.)  While the Court recognizes that Ms. Williams is a *pro se* litigant and is not likely well-versed in the intricacies of federal civil practice, Ms. Williams is not excused from complying with the procedural rules of the Court.  *See Pearle Vision, Inc. v. Romm*, 541 F.3d

---

[2] The Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Michas v. Health Const. Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000); *Brasic*, 121 F.3d at 284 ("Under [Local Rule] 12(N), a failure to properly contest in the 12(N) statement of material facts set out in the movant's 12(M) statement, constitutes a binding admission of those facts.").

751, 758 (7th Cir. 2008) ("[I]t is also well established that pro se litigants are not excused from compliance with procedural rules."). Accordingly, because Ms. Williams did not adequately respond to Defendants' motion, the Court accepts as true all the material facts contained in their summary judgment motion that are supported by citations to the record and that are not contested.

Here, the uncontested facts establish that Carriage House and Glick's actions did not amount to an invasion of Ms. Williams' privacy under Indiana law when she was given notice of the inspection and consented to periodic inspections when she signed the leasing agreement. First, Ms. Williams was presented with a notice of inspection by Carriage House management at least five days prior to the inspection date on July 14, 2008. (*See* Dkt. #143 at 2, ¶ 1.) Although the notice gave an incorrect day of the week when the inspection would occur (Wednesday rather than Monday), the date of the proposed inspection was accurate. Second, during oral argument Ms. Williams acknowledged that by signing the 2007 lease, she consented in advance "to permit the Landlord, his/her agents or other persons, when authorized by the Landlord, to enter the unit for the purpose of making reasonable repairs and periodic inspections." (Dkt. #143-3 at 7, ¶ 20(a).) In addition, the evidence before the Court is that Ms. Wiley and the HUD representative were only in the apartment with Ms. Williams' children for a few minutes during the inspection, and neither Ms. Williams nor her children sustained any physical injuries from the inspection. Importantly, Ms. Williams' children are not parties to this lawsuit. While the Court agrees that the best course of action would have been to leave and return for the inspection when an adult was present, there is no evidence before the Court to show an unreasonable intrusion upon the seclusion of Ms. Williams. To the contrary, the undisputed facts support a finding for summary judgment in favor of Carriage House and Glick.

As the Seventh Circuit has articulated, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citation and internal quotations omitted). Here, Ms. Williams has failed to timely provide documents or statements made by her children in affidavits that oppose Carriage House and Glick's version of events.[3] Moreover, Ms. Williams cannot rely solely on the allegations in her complaint to create genuine issues of material fact. *See Ward v. Merchs. Home Delivery Serv., Inc.*, 1999 WL 756111, at *4 (N.D. Ill. Sept. 10, 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[t]he non-movant cannot rely solely on its pleadings but must come forth with evidence showing that a genuine issue of material fact exits for trial.")). Because Ms. Williams has not presented sufficient evidence to establish the existence of a genuine issue of material fact as to her invasion of privacy claim, the Court must **GRANT** Defendants Carriage House and Glick's summary judgment motion.

## B. Avert's Motion for Summary Judgment

Ms. Williams also alleges that Avert is liable to her for its actions as well as the actions of its employee Deputy Butts. Three of the fifteen counts in Ms. Williams' complaint are directly asserted against Avert. These counts involve both state law and federal law claims. First, Ms. Williams alleges that Avert is vicariously liable for the actions of its employee, Deputy

---

[3] Ms. Williams attempts to create a genuine issue of material fact through her deposition testimony by stating that she spoke with a maintenance worker prior to July 14, 2008 and informed him not to inspect her apartment without her present. (Dkt. #143-5, 296:11-17). However, this sworn statement contradicts her earlier responses to an interrogatory, stating that she informed maintenance of her inspection request *after* July 14, 2008. (Dkt. #148-8 at 4-5). "[I]t is well established that a party cannot create a genuine issue of material fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior depositions or otherwise sworn testimony." *Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir. 1987). Accordingly, the Court disregards Ms. Williams' deposition testimony because it conflicts with her prior statements given under oath. *See Donohoe v. Consol. Operating & Prod. Corp.*, 982 F.2d 1130, 1136 (7th Cir. 1992) (applying the principle to answers to interrogatories).

Butts. "The general rule is that vicarious liability will be imposed upon an employer under the doctrine of *respondeat superior* where the employee has inflicted harm while acting within the scope of employment." *Barnett v. Clark*, 889 N.E.2d 281, 284 (Ind. 2008) (citation and internal quotations omitted).

Here, it is undisputed that Ms. Williams was arrested by Deputy Butts on August 5, 2007, a judge found that probable cause existed for the arrest and Ms. Williams was charged with resisting arrest after she failed to follow Deputy Butts' commands to leave the scene of his investigation. In light of these undisputed facts, Ms. Williams has not presented sufficient evidence, beyond the conclusory statements in her complaint, to show that Deputy Butts' actions violated her rights. Moreover, under Indiana law, in effectuating an arrest, "a law enforcement officer is justified in using reasonable force if the officer believes that the force is necessary to effect a lawful arrest." Ind. Code § 35-41-3-3(b). Because Ms. Williams has not presented sufficient evidence to indicate that Deputy Butts violated her rights by using unnecessary force in effectuating her arrest, Avert cannot be held vicariously liable for Deputy Butts' actions. *See Griffin v. Simpson*, 948 N.E.2d 354, 361 (Ind. Ct. App. 2011).

Next, Ms. Williams alleges that Avert is liable for failing to properly train and supervise Deputy Butts as a security guard. Avert argues that Ms. Williams' claim fails because it is undisputed that Deputy Butts was acting within the scope of his employment. The Court agrees. As discussed above, because Ms. Williams submitted no designated evidence purporting to establish that Deputy Butts violated her rights during her arrest, her failure to train claim also fails. *See Chenoweth v. Estate of Wilson*, 827 N.E.2d 44, 49 (Ind. Ct. App. 2005).

Finally, Ms. Williams argues that Avert violated her constitutional rights under 42 U.S.C. § 1983. In her complaint, Ms. Williams makes a general allegation that the Defendants violated

her civil rights by acting under the color of law to (1) claim that Ms. Williams was evicted; (2) pursue legal eviction; (3) refuse to accept rent; and (4) cause Ms. Williams' Section 8 housing subsidy to be terminated. Ms. Williams does not cite to any federal statute or provision of the United States Constitution that would guarantee her any right, privilege, or immunity that was allegedly violated by Avert. Moreover, there is no evidence in the record that Ms. Williams' Section 8 housing subsidy was ever terminated. The other remaining allegations set forth by Ms. Williams do not involve any constitutional or federal statutory violations. Thus, in the absence of an articulated violation of federal law, Ms. Williams has no claim viable under § 1983.[4] Accordingly, Avert's motion for summary judgment is **GRANTED** in its entirety.

## IV. CONCLUSION

For the reasons set forth above, Defendants Carriage House and Glick's Second Motion for Summary Judgment (Dkt. #143) is **GRANTED**. In addition, Avert's Motion for Summary Judgment (Dkt. #136) is also **GRANTED** in its entirety. Final Judgment in favor of the Defendants will accompany this Entry.

SO ORDERED.   06/27/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[4] As analyzed previously, the Court will retain supplemental jurisdiction over the remaining state law claims asserted against Avert because the Court believes the resolution of the state law claims in this case is clear. *See Wright*, 29 F.3d at 1252.

DISTRIBUTION:

Brian L. England
HUNT SUEDHOFF KALAMAROS LLP
bengland@hsk-law.com

Ryan J. Guillory
HUNT SUEDHOFF KALAMAROS LLP
rguillory@hsk-law.com

Mark M. Holdridge
HUME SMITH GEDDES GREEN & SIMMONS
mholdridge@humesmith.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Ms. Angela R. Williams
10211 Pineneedle Court
Indianapolis, Indiana  46235